In the Matter of CAPTAIN'S PARADISE, INC., Debtor.

CAPTAIN'S PARADISE, INC., Plaintiff,

v.

Paul GLASEL and Joyce Glasel, his wife, and Captain's Paradise Condominium Association, Inc., Defendants.

Bankruptcy No. 82–00465–BKC–SMW. Adv. No. 82–0757–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

March 31, 1983.

Robert G. Hewitt, Miami, Fla., for plaintiff.

Louis Phillips, Miami, Fla., for Paul and Joyce Glasel.

William S. Spencer, Hollywood, Fla., Co-Counsel for Paul and Joyce Glasel.

Fred J. Ward, Hallandale, Fla., for Captain's Paradise Condominium.

Richard Leben, Hollywood, Fla., for Flagship Nat. Bank.

Jack F. Weins, Hollywood, Fla., for Schneider & Garcia, Co-Receivers.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come on to be heard upon an Amended Complaint to Determine the Validity and Amount of the Liens of the Defendants herein, and the Court having heard the testimony and examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. This Court has jurisdiction of the parties hereto and the subject matter hereof.

2. This is an adversary proceeding to avoid a judgment lien as a preferential transfer and to determine the validity and amount of the Defendants' liens upon the proceeds from the sales of certain pieces of real property, which were the primary assets of the estate and are described as follows, to wit:

Condominium Units 301 and 502 and Boat Slip No. 4 of CAPTAIN'S PARADISE CONDOMINIUM, as recorded in Official Records Book 8924, at Page 88, of the Public Records of Broward County, Florida.

3. The real property was sold free and clear of all liens, except real property taxes assessed against said property, and said liens were transferred to the proceeds of the sales upon the payment of the proceeds to the Debtor.

4. The Defendant CAPTAIN'S PARADISE CONDOMINIUM ASSOCIATION, hereafter "ASSOCIATION", pursuant to Florida Statutes Section 718.116, claims a lien or interest in the proceeds of sale of the real property to secure payment of delinquent and unpaid maintenance assessments.

5. PAUL GLASEL and JOYCE GLASEL, hereafter the "GLASELS", pursuant to a Summary Final Judgment which was entered September 30, 1981, and recorded in Official Records Book 9823, at Page 910, of the Public Records of Broward County, Florida, claim a lien in the proceeds of sale of the real property.

### The Glasel Lien

6. On September 30, 1981, and at all other relevant times, the GLASELS were the owners of 33% of the issued and outstanding stock of the Debtor corporation with power to vote said stock. PAUL GLASEL had been an officer and director of the Debtor since its inception, however, he held no office at the time that the judgment lien became effective.

7. Within one year prior to the filing of the Petition, the GLASELS became the owners and holders of a Summary Final Judgment based upon an antecedent debt in the amount of $69,625.23. This Judgment was entered on September 30, 1981, and recorded in Official Records Book 9823, at Page 910, of the Public Records of Broward County, Florida, on October 2, 1981, thereby creating a lien on the real property of the Debtor described in Paragraph 2 above.

8. The Debtor's sole business purpose was to construct and sell eight condominium units in an apartment building in Hallandale, Florida. In July, 1981, the stockholders and directors of the corporation, including the GLASELS, had placed a sales price of $180,000.00 on Unit 301 and a sales price of $160,000.00 on Unit 502 and a price of $25,000.00 on Boat Slip No. 4. Thereafter the Debtor, through its President, Clifford I. Storm, listed the property for sale with a real estate broker and attempted to negotiate and complete sales in accordance with the authorization of the Board of Directors and Stockholders. As reflected in the court files, after the filing of the original Petition herein on March 16, 1982, contracts were entered into on May 3, 1982, and August 11, 1982, and closings consummated on September 16, 1982, and November 24, 1982, for prices substantially in accordance with the authorization given in July, 1981. After the usual adjustments made at the time of the closings and the payment of the first and second lienors pursuant to the authorization of this Court, the net proceeds in the hands of the Debtor-in-Possession, constituting the entire estate, are $83,073.11. In addition to the judgment lien of the GLASELS in the amount of $69,625.23, plus interest from September 30, 1981, and the claim of the ASSOCIATION in the amount of $8,320.00, the Debtor-in-Possession has unsecured creditors of approximately $40,000.00 that were in existence on September 30, 1981, so that its liabilities clearly exceed its assets.

9. Costs that were incurred or accrued, including interest and taxes, between September 30, 1981, and the dates of closing the respective sales, were foreseeable and necessary costs incurred in the preservation and sale of the assets.

10. Considering the unfinished condition of the apartment units, the continued efforts made to sell the property, the real estate market and the time frames required by the Bankruptcy Code prior to the sale of Property of the Estate, the assets were sold within a reasonable time at regular market value, and the funds in the Debtor's possession represent the net realizable value of the assets on September 30, 1981, based upon the fair valuation placed upon the property by its stockholders and directors.

11. Although the GLASELS were not officers or directors of the Debtor on September 30, 1981, they had complete knowledge of the assets of the Debtor, including the extent that the apartments were not completed and the value thereof. They had detailed knowledge of the names of creditors and the sums due each, including the mortgagee, Estate Court Receivers, Condominium Association, and unsecured creditors. As an experienced real estate lawyer, the Defendant, PAUL GLASEL, had knowledge of the time required to negotiate and sell the condominium units and expenses that would be incurred in connection therewith.

### The Condominium Association

12. At the time of the closing on Apartment 301, the Debtor-in-Possession was obligated to the Defendant, CAPTAIN'S PARADISE CONDOMINIUM ASSOCIATION, INC., in the amount of $4,410.00 for monthly maintenance assessments incurred from March, 1981, through November, 1982. The Debtor-in-Possession was also indebted to the ASSOCIATION in the amount of $3,910.00 for such monthly assessments incurred on Apartment 502 from March, 1981, through September, 1982. All of the proceeds from the sale on Apartment 301 were paid to the first mortgagee. The Debtor-in-Possession presently has in its possession $83,073.11 resulting from the sale of Unit 502.

### CONCLUSIONS OF LAW

Based upon the Findings of Fact set forth above, the Court makes the following conclusions of law:

### Glasel

■ 1. The recordation of the Summary Final Judgment in favor of the GLASELS constituted a transfer of property of the Debtor as contemplated by Section 547(b) of the Bankruptcy Code to "creditors" as defined in Section 101(9)(A) of the Bankruptcy Code who held antecedent debts.

2. The GLASELS were "affiliates" of the Debtor as defined in Section 101(2)(A) of the Bankruptcy Code and were, therefore, insiders as defined in Section 101(25)(E) of the Bankruptcy Code and as referred to in Section 547(b)(4)(A)(i) of the Code.

3. At the time that the transfer was made, the Debtor was insolvent as contemplated by Section 547(b)(3) of the Bankruptcy Code, and the GLASELS knew or had reasonable cause to believe that the Debtor was insolvent at the time of the transfer.

4. It is clear that the transfer enabled the GLASELS to receive more than they would receive (a) if the case was under Chapter 7, (b) the transfer had not been made, and (c) the GLASELS received payment of the debt to the extent provided by the Bankruptcy Code.

5. The judgment lien in favor of the GLASELS is a preferential transfer that may be avoided by the Debtor-in-Possession under Section 547 of the Bankruptcy Code.

### Condominium Association

■ 6. The ASSOCIATION has and is entitled to the rights of a condominium association pursuant to Florida Statute Section 718.117, subject to the rights of the first mortgagee under Section 718.116(6) and, accordingly, has a lien upon the proceeds of sale in the hands of the Debtor-in-Possession resulting from the sale of Apartment Unit 502. The priority of the ASSOCIATION's claim for past due assessments on Unit 502 is not before the Court at this time.

The Court will enter a Judgment in conformity with these Findings of Fact and Conclusions of Law.

## FINAL JUDGMENT

In conformity with the Findings of Fact and Conclusions of Law of even date, it is

ORDERED, ADJUDGED and DECREED that:

1. CAPTAIN'S PARADISE CONDOMINIUM ASSOCIATION, INC. has a valid lien in the amount of $4,410.00 against the proceeds of the sale of Property of the Estate described as follows, to wit:

> Condominium Unit 301 of CAPTAIN'S PARADISE CONDOMINIUM, as recorded in Official Records Book 8924, at Page 88, of the Public Records of Broward County, Florida.

2. The Court will determine the extent to which interest on said sum is payable and assess a reasonable attorney's fee as provided in Florida Statute Section 718.116 upon proper application.

3. The entry of that certain Final Judgment on September 30, 1981, against the Debtor and in favor of PAUL GLASEL and JOYCE GLASEL, his wife, in Case No. 80–20098 in the Circuit Court of Broward County, Florida, in that certain case styled *Intercontinental Bank, a Florida corporation, Plaintiff, v. Captain's Paradise, Inc.,* a Florida corporation, et al., and the recordation of said Final Judgment in Official Records Book 9823, at Page 910, of the Public Records of Broward County, Florida, on October 2, 1981, and all actions taken thereafter to enforce said Judgment are hereby avoided and set aside as a lien on Property of the Estate, including the proceeds resulting from the sale thereof.